IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2005

## STATE OF TENNESSEE v. LARRY VAUGHN, ALIAS DEMERTRUIS MOORE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 248516     Rebecca J. Stern, Judge**

---

### No. E2004-03013-CCA-R3-CD - Filed August 22, 2005

---

The defendant, Larry Vaughn, alias Demertruis Moore, appeals the revocation of his community corrections sentence by the Hamilton County Criminal Court. He argues that the record does not contain sufficient evidence to support the revocation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Ardena J. Garth, District Public Defender; Donna Robinson Miller, Assistant District Public Defender (on appeal) and Steve Brown, Assistant Public Defender (at trial), for the appellant, Larry Vaughn, alias Demertruis Moore.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William H. Cox, District Attorney General; and Bates Bryan, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On July 12, 2004, the defendant pled guilty to introduction of contraband into a penal institution in exchange for a four-year sentence in a community corrections program. On September 22, 2004, a capias request was filed, alleging that the defendant had violated the terms of his sentence. Thereafter, a revocation hearing was held.

At the hearing, Gregory Sims of the Hamilton County Corrections Department testified that the defendant tested positive for marijuana and cocaine, violated his curfew, absconded, and was a "no-show" at a Council for Alcohol and Drug Abuse Services (CADAS) meeting. On cross-

examination, Sims admitted that he was not the defendant's case manager and was not aware of whether the defendant had notified his case manager that he had "relapsed" prior to testing positive.

Angie Patillo, the defendant's fiancé, testified that she had one son with the defendant and was currently pregnant. Patillo stated that the defendant had sought medical attention for his drug addiction at Erlanger Hospital. Patillo further explained that the defendant was late for his CADAS meeting on September 10, 2004 because he had gone to pick up and drop off a prescription for her. She testified that she had spoken with the CADAS counselor about the incident and he had agreed to continue working with the defendant despite the infraction.

The defendant testified that he had tried to contact his case manager concerning his relapse but actually "spoke with the lady that worked there . . . [and] explained to her what [he] was going through." He also testified that he sought treatment for his addiction at Erlanger Hospital. He explained that he was late to the CADAS meeting because Patillo was sick and needed insulin. The defendant stated, "Once I got her prescription, I didn't even take the prescription to her, I took it to CADAS with me and the receipt with the time and the date . . . ." In relation to the CADAS meeting that he missed, the defendant stated that, because of a holiday the prior week, "I just got confused."

On cross-examination, the defendant admitted that his driver's license was revoked and stated that courts have refused to help him get his license back. He also admitted that he had used cocaine since 1994. The State then questioned whether he had actually gone to Erlanger Hospital for addiction help or because he was sick as "a result of the cocaine usage." On redirect examination, the defendant admitted, "I don't know how [cocaine] does everybody else, but it actually makes [me] sick at the stomach. It makes my stomach ball up . . . and I could tell when my drug usage is trying to mess with me and I was trying to seek help for it." When asked whether he absconded, the defendant replied, "I am not denying that" but stated that he thought he was "already revoked" at the time.

At the conclusion of the hearing, the trial court stated:

> It sounds like he went to the hospital because he was sick not because he was looking for help . . . .
>
> That's a nice spin on it but that's not the way I see it from the evidence.
>
> I find that [the defendant] violated Community Corrections by testing positive for marijuana and not completing CADAS as required, by missing and being late, by violating curfews, absconding from Community Corrections, driving on [a] revoked [license] obviously when he was going to get his girl friend's medicine.
>
> He will, therefore, be removed from Community Corrections. His sentence is ordered into execution, given credit for time served.

The defendant now brings this appeal.

## Analysis

The revocation of a community corrections sentence is controlled by Tennessee Code Annotated section 40-36-106(e)(4), which provides:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

The same principles applicable to this Court's review of a probation revocation are applicable in determining whether the revocation of a community corrections sentence is proper. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). On appeal, a revocation will be upheld absent an abuse of discretion. Id. at 82. Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation occurred. Id. The trial court must find by a preponderance of the evidence that a violation has occurred. Id. Upon revoking the community corrections sentence, the trial court may, in its discretion, require the defendant to serve his sentence in confinement. Tenn. Code Ann. § 40-36-106(e)(4).

In this appeal, the defendant argues that the evidence was insufficient to support revocation of his community corrections sentence. He admits having violated his sentence but attempts to justify each violation. For example, he does not contest the fact that he failed a drug test; however, he asserts that he relapsed and attempted to notify his case manager. He admits that he was late to a CADAS meeting but explains that he had to drive to get his fiancé's medicine. He admits that he drove on a revoked license but blames the courts for not "helping" him get his license back. He admits that he missed a CADAS meeting but claims to have been confused about the date due to a holiday.

No defendant is entitled to an additional grant of community corrections. All that is needed for revocation is a finding by a preponderance of the evidence that the defendant violated the conditions of his community corrections sentence as found by the trial court. Therefore, we conclude that the trial court did not abuse its discretion merely because it did not accredit the defendant's excuses for noncompliance.

## Conclusion

Accordingly, we affirm the judgment of the trial court.

_____

J.C. McLIN, JUDGE